UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTELMO VASQUEZ MARTINEZ,

Petitioner,

v. Case No. 3:26-cv-1841-MMH-LLL

WARDEN, BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

# ORDER

## I. Status

Petitioner Antelmo Vasquez Martinez, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on July 20, 2026.[1] The Federal Respondents filed an Opposition to Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction (Doc. 6; Response) with an exhibit (Doc. 6-1). Vasquez Martinez failed to reply. The Court then directed supplemental briefing. See Order (Doc.

[1] Vasquez Martinez also filed an Emergency Motion for Temporary Restraining Order (Doc. 2). On July 23, 2026, the Court granted Vasquez Martinez's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through August 5, 2026. See Temporary Restraining Order (Doc. 5). The Court also notified the parties that it would consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id. The Court subsequently extended the TRO through August 19, 2026. See Order (Doc. 9).

9). The Federal Respondents filed a Supplemental Opposition to Petition for Writ of Habeas Corpus (Doc. 10; Supplemental Response) with an exhibit (Doc. 10-1). Vasquez Martinez again failed to reply.

## II. Vasquez Martinez's Petition

Vasquez Martinez, a citizen of Mexico, entered the United States without inspection in 2002. Petition at 5. On January 27, 2020, an immigration judge ordered Vasquez Martinez removed to Mexico. Id. Vasquez Martinez's appeal of his removal order remains pending. Id. On June 28, 2026, United States Immigration and Customs Enforcement detained Vasquez Martinez. Id. at 6. The crux of Vasquez Martinez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, he is entitled to a bond hearing. See id. at 8–10. As relief, he requests, inter alia, immediate release. Id. at 12–13.

## III. Exhaustion

The Federal Respondents recognize that Vasquez Martinez is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 1. Nevertheless, the Federal

Respondents argue that Vasquez Martinez has not exhausted his administrative remedies, and therefore, they ask the Court to dismiss his Petition. Id.; see also Supplemental Response at 1–2.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Vasquez Martinez has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Vasquez Martinez filed the Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Vasquez Martinez, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th

Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Vasquez Martinez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Vasquez Martinez's request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3. Respondent Warden's Motion to Dismiss (Doc. 8) is **DENIED as moot**.

4. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/17
c:
Counsel of Record